UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                           Case No. 10-cr-20716
                                                                  Honorable Julian Abele Cook, Jr.

JOHNNIE COOK,

      Defendant.

## ORDER

On June 30, 2011, a jury convicted the Defendant, Johnnie Cook, of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Currently before the Court is a request by Cook to vacate this conviction because, in his judgment, this conviction by a jury was based on an insufficiency of evidence. Cook's motion for relief is opposed by the Government.

I

According to Federal Rule of Criminal Procedure 33(a), "a court may vacate any judgment and grant a new trial if the interest of justice so requires." The "paradigmatic use of a Rule 33 motion is to seek a new trial on the ground that the [jury's] verdict was against the manifest weight of the evidence." *United States v. Munoz*, 605 F.3d 359, 373 (6th Cir. 2010) (citation and internal quotation marks omitted). A motion for a new trial based on a claim of insufficient evidence should be denied if, "after viewing the evidence in a light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."

1

*United States v. Gardner*, 488 F.3d 700, 711 (6th Cir. 2007). Such a motion places a "very heavy burden" upon the movant, *id.* (citation and internal quotation marks omitted), and should be granted only "in the extraordinary circumstance where the evidence preponderates heavily against the verdict," *United States v. Hughes*, 505 F.3d 578, 593 (6th Cir. 2007). Finally, "[a]ll conflicts in the testimony are resolved in favor of the government, and every reasonable inference is drawn in its favor." *United States v. Vasquez*, 560 F.3d 461 (6th Cir. 2009).

II

In order to obtain a conviction under § 922(g) in this case, the Government was required to prove each of the following elements beyond a reasonable doubt; namely, (1) Cook had been convicted of a crime that is punishable by more than one year of imprisonment; (2) he - following his conviction - knowingly possessed a firearm, as specified in the indictment; and (3) the firearm, which was identified in the indictment, crossed a state line prior to his alleged possession. However, prior to the commencement of the trial, the Government and Cook stipulated to the existence of the first and third elements (ECF Nos. 14, 15), leaving only the issue of possession to be proven.

During the trial, Calvin Lewis - an officer with the Detroit (Michigan) Police Department - testified that on September 3, 2010, at approximately 3:50 in the morning, he saw Cook, while standing on the front porch of his former girlfriend's home, throw an unidentified object toward her upstairs window. According to Lewis, Cook - after looking toward the marked police car - (1) tossed another unidentified object into a bush a few feet from where he had been standing, and thereafter (2) stepped off of the porch and began to walk away. After Cook had been secured by a fellow police officer, Marc Thompson, Lewis searched for the unidentified object in that same

2

bush. In his search, Lewis found a firearm - and no other objects - which he concluded was the "unidentified" object that Cook had thrown into the bush. Officer Thompson testified that he saw Officer Lewis search the bush and recover the firearm. Cook's conviction by a jury followed.

Cook argues that - notwithstanding the discovery and production of the weapon - the Government failed to proffer any witness during the trial who testified that he saw him actually possess the firearm or remove anything from his person before he made the tossing motion toward the bush. According to Cook, this failure by the Government to establish any nexus between him and the weapon that was recovered by Lewis in the shrubbery supports his argument that the jury was given an insufficient quantity or quality of evidence upon which to render a finding of guilt. However, this argument appears to incorrectly presume that the testimony of an eye witness who saw Cook remove an object from his person or possess the firearm is necessary in order to satisfy the Government's burden of proof beyond a reasonable doubt in this criminal case. At the conclusion of the case, the Court instructed the jury in the following manner:

> There are two types of evidence from which you may find the truth as to the facts of a case - direct and circumstantial evidence.
> *Direct evidence* is defined as proof of a fact without a presumption or an inference. This form of evidence may come from the testimony of an eyewitness which, if believed, proves a fact. Thus, if a witness testified that he saw it raining outside, and you accepted his testimony, this would constitute direct evidence that it was raining.
> On the other hand, *circumstantial evidence* can be described as a chain of circumstances which indirectly proves a fact. For example, if someone walked into this courtroom with a raincoat that was covered with drops of water, as well as a wet umbrella, this would be circumstantial evidence from which you could conclude that it was raining.
> As jurors, it is your job to decide how much weight to give to the direct and circumstantial evidence. The law does not make any distinction between the weight that you should give to direct and circumstantial evidence.

(Jury Instruction No. 15, ECF No. 29) (emphasis in the original); *see* Sixth Circuit Pattern Criminal Jury Instruction 1.06 (2011 ed.); *see also United States v. Frost*, 914 F.2d 756, 762 (6th Cir. 1990)

3

(citation and internal quotation marks omitted) ("Circumstantial evidence is entitled to the same weight as direct evidence in this calculus [of determining sufficiency]."); *Hughes*, 505 F.3d at 592 (citation and internal quotation marks omitted) ("[I]t must be remembered that circumstantial evidence alone can sustain a guilty verdict and . . . [such] evidence need not remove every reasonable hypothesis except that of guilt.").

Here, the Court finds that the jury had a sufficiency of evidence upon which to evaluate the merit of the Government's claim against Cook. More specifically, the Court is satisfied that, viewing the evidence in a light most favorable to the government, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

### III

For the reasons that have been set forth above, Cook's motion for a new trial (ECF No. 32) is denied.

IT IS SO ORDERED.

Dated: August 18, 2011          s/Julian Abele Cook, Jr.
      Detroit, Michigan          JULIAN ABELE COOK, JR.
                                 United States District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on August 18, 2011.

s/ Kay Doaks

Case Manager