UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                                          Case No. 10-20716
JOHNNIE COOK,                                Honorable Julian Abele Cook, Jr.

        Defendant.

## ORDER

On June 30, 2011 the Defendant, Johnnie Cook, was found guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On July 13, 2011, Cook filed a motion for a new trial, which was denied by the Court. On November 17, 2011, he was placed in the custody of the Bureau of Prisons for a period of 110 months. On December 1, 2011, Cook appealed his conviction and sentence. His appellate counsel filed a brief with the Sixth Circuit, and Cook filed his own supplemental appeal brief. On December 3, 2012, the Sixth Circuit denied Cook's appeal and affirmed his sentence and conviction. (ECF No. 53).

Currently before the Court are Cook's motions (1) to vacate his sentence under 28 U.S.C. § 2255 and (2) for an extension of time to file a reply.

I.

Cook first requests an extension of time so that he may research and file an affidavit and memorandum in reply to the Government's response. In the alternative, he requests that the Court consider his response to the Court's Order to be his reply. The Court has already granted Cook one extension of time to file his reply brief. In light of the earlier extension and the fact that his current

motion is a well-researched and articulate reply to the Government's brief, the Court will deny his request for additional time but will grant his request to consider his current brief entitled "Response to the Court's Order" to be his reply brief. The Court will now turn to his motion to vacate his sentence.

## II.

A federal prisoner who challenges his sentence under 28 U.S.C. § 2255 must establish "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

If such a violation is found to exist, a petitioner may ask the court to vacate, set aside, or correct the sentence. *Id.* A petitioner's burden in seeking such relief depends upon the type of error that has been alleged. If the harm is attributed to a claimed constitutional error, then he - as the aggrieved party - must "establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)). On the other hand, if the alleged error is non-constitutional, the petitioner must demonstrate "a fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Id.* (citation and internal quotation marks omitted). "[N]onconstitutional errors ordinarily are not cognizable on collateral review." *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000) (quoting *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996)).

If a sentencing error "did not affect the district court's selection of the sentence imposed," it is considered to be "harmless" and resentencing should be denied. *See United States v. McCarty*,

2

628 F.3d 284, 294 (6th Cir. 2010).

### III.

In his 2255 motion, Cook raises one claim of ineffective assistance of his appellate counsel and three claims of ineffective assistance of his trial counsel. To prove the ineffective assistance of counsel, Cook must demonstrate that his attorney's performance was deficient which, in turn, substantially prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show deficient performance, Cook must prove that his counsel's representation "fell below an objective standard of reasonableness." *Id.* at 688. The standard for prejudice varies, depending on the context of counsel's alleged error. In this case, Cook alleges that his counsel's ineffective assistance occurred on appeal, during trial, at sentencing, and at the plea negotiation stage. To prove prejudice during trial or at sentencing, Cook must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 695; *see also Glover v. United States*, 53 U.S. 198, 203 (2001). To prove prejudice during plea negotiations, he must show that counsel's conduct undermined "the fairness and regularity of the processes that preceded [trial], which caused the defendant to lose benefits he would have received in the ordinary course but for counsel's ineffective assistance." *Lafler v. Cooper*, 132 S. Ct. 1376, 1388 (2012).

    **A.**     **Appellate Attorney**

Cook contends that his appellate attorney provided ineffective assistance by (1) failing to investigate the reasons necessitating appeal, (2) failing to consult and communicate with Cook about potential grounds for review, and (3) choosing an appellate strategy that was frivolous and without merit. Specifically, Cook contends that his appellate counsel should have argued on appeal that this

3

Court erroneously denied his motion for a new trial.

This argument lacks merit. The basis of Cook's motion for a new trial was the insufficiency of evidence linking him to the firearm, and Cook's appellate counsel did in fact raise this same issue to the Sixth Circuit. Moreover, Cook himself filed a supplemental pro se brief in which he too raised the issue. Notwithstanding the arguments of Cook and his attorney, the Sixth Circuit considered and rejected the arguments on the merits, concluding that "[c]ontrary to Cook's argument, the government presented sufficient evidence for the jury to find that he possessed the weapon in question." *United States v. Cook*, No. 11-2470, at *4 (6th Cir. Dec. 3, 2012), ECF No. 53. Inasmuch as Cook presented his desired issues to the Sixth Circuit in a pro se brief and the Sixth Circuit held that they were without merit, the Court cannot say that he was prejudiced by his appellate counsel's performance.

### B.     Trial Attorney

Cook's claims of ineffective assistance of trial counsel are based on his attorney's alleged failure to (1) object to the introduction of a firearm that had been cleaned, disassembled, and reassembled; (2) raise an affirmative defense of his mental illness during the trial or as a mitigating factor at sentencing; and (3) pursue plea negotiations with the Government.

### 1. Failure to object to firearm

Cook first contends that his trial counsel provided ineffective assistance of counsel by failing to object to the introduction of the firearm on the ground that it was in a different condition than found on the night of his arrest. The record does not indicate that the objection would have been granted by the Court or, if it had, that the outcome would have been different. This issue, too, was impliedly resolved by the Sixth Circuit. Cook argued on appeal that the Government denied him a

fair trial by failing to preserve the gun in its original condition. The Sixth Circuit ruled that "Cook also failed to establish that the government denied him a fair trial by introducing the gun into evidence after it had been cleaned. . . . The cleaning of the gun did not prevent Cook from arguing that he did not possess the gun and that it had been in the bushes long before the night of his arrest." (Order at , ECF No. ).

Furthermore, the evidence at trial was that the officer testified that he saw Cook throw an object into the bushes. The testimony of the officer also established that the only object in that area of the bushes was the firearm in question. Thus, the testimony alone was sufficient to permit the jury to find Cook guilty. As noted by the Sixth Circuit, Cook was not prevent from arguing that the gun had been in the bushes for a long time, and thus was never in his possession. As to his contention that the gun presented at trial was a different weapon than was found on the night he was arrested, he has presented no evidence to support such a finding.

### 2. Failure to request a mental examination

Cook submits that trial counsel should have moved to have him examined by a mental health professional pursuant to 18 U.S.C. § 4241, in light of evidence that Cook was unable to appreciate the consequences of his actions, comprehend the nature of the proceedings, or assist in his own defense. He contends that such an examination would have provided evidence to support (1) an affirmative defense at trial or (2) a downward departure for diminished capacity pursuant to USSG 5K2.13.

Section 4241 permits a court to grant a hearing in order to evaluate a defendant's mental competency to stand trial if "there is reasonable cause to believe that [he] may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable

to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). If a hearing is granted, the court may order a psychiatric or a psychological examination of the defendant. 18 U.S.C. § 4241(b). However, a defendant is not prejudiced by his counsel's failure to seek an examination absent some factual basis to support his claim of incompetency. *Brown v. McKee*, 460 F. App'x 567, 581 (6th Cir. 2012).

The United States Sentencing Guidelines permit a downward departure if "(1) the defendant committed the offense while suffering from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed substantially to the commission of the offense." U.S. Sentencing Guidelines Manual § 5K2.13. A significantly reduced mental capacity means that "the defendant, although convicted, has a significantly impaired ability to (A) understand the wrongfulness of the behavior comprising the offense or to exercise the power of reason; or (B) control behavior that the defendant knows is wrongful." *Id.* cmt. n.1. "[T]he extent of the departure should reflect the extent to which the reduced capacity contributed to the commission of the offense." *Id.*

To support his contention that he suffers from a significantly reduced mental capacity, Cook proffers school records which indicate that he was evaluated as having an IQ of 73. However, these records also specifically indicate that Cook is not severely mentally or emotionally impaired. Rather, they indicate that he has specific learning disabilities in reading, writing, and mathematics. Such learning disabilities do not indicate that he could not understand the consequences of his actions or assist in his defense. Similarly, the records from the Psychological Services at F.C.I. Milan indicate that Cook suffers from mood disorder, i.e. depression, and corroborates his learning disability, but they do not indicate that he was unable to understand (1) the proceedings against him or (2) the

wrongfulness of his actions.

### 3. Failure to pursue and enter into plea agreement

Cook contends that his trial attorney (1) threatened to withdraw if Cook persisted in his desire to pursue plea negotiations, (2) advised Cook that a trial was his only option, (3) told Cook that the Government rejected any possibility of plea negotiations (4) guaranteed acquittal. Cook contends that without this erroneous advice, he would have pursued plea negotiations with the Government rather than proceed to trial. Cook submits that trial counsel denied him the substantive right to pursue and enter into plea negotiations with the Government.

The Supreme Court has held that "[i]f a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it." *Lafler v. Cooper*, 132 S. Ct. 1376, 1387 (2012). However, a defendant has no constitutional right to a plea offer. *Weatherford v. Bursey,* 429 U.S. 545, 561 (1977). Here, the Government maintains, and Cook does not contest, that plea negotiations were never entered and no plea deal was ever offered. Cook has not provided this Court with any case where a court determined that an attorney provided ineffective assistance by failing to engage in plea negotiations when no plea deal was ever offered by the prosecutor. To the contrary, courts regularly dismiss such claims where a plea offer was never made. *See, e.g.*,; *Justice v. Sepanek*, No. 12-CV-74-HRW, 2013 WL 954115, at *4 (E.D. Ky. Mar. 11, 2013); *Young v. United States*, 2011 WL 4497869, at *9 (E.D. Tenn. 2011). As there is no substantive right to pursue and enter into plea negotiations with the Government, counsel could not have been ineffective for failing to pursue a plea deal. To the extent that Cook claims that his attorney failed to learn the facts of the case and determine a possible sentence that Cook could face, there is not sufficient evidence on the record, nor has Cook produced any, to substantiate this claim.

IV.

For the reasons that have been set forth above, the Court denies Cook's motion to vacate his sentence under 28 U.S.C. § 2255 (ECF No. 55). After a review of Cook's claims, this Court determines that a certificate of appealability should issue solely for the question of whether Cook's trial attorney provided ineffective assistance by failing to move for a mental examination.

IT IS SO ORDERED.

Date: September 21, 2014          s/Julian Abele Cook, Jr.
                                  JULIAN ABELE COOK, JR.
                                  U.S. District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on September 21, 2014.

                                  s/ Kay Doaks
                                  Case Manager